NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAR 19 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. 20-55254 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-02312-VAP-JEM |
| v. | |
| RUFFTOWN ENTERTAINMENT GROUP, INC.; et al., | MEMORANDUM* |
| Defendants, | |
| and | |
| IVAN RENE MOORE, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Moore's request for oral argument, set forth in the opening and reply briefs, is denied.

Ivan Rene Moore appeals pro se from the district court's order denying his motion for reconsideration under Federal Rule of Civil Procedure 60(b). We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Valdivia v. Schwarzenegger*, 599 F.3d 984, 988 (9th Cir. 2010). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court did not abuse its discretion by denying Moore's motion for reconsideration under Rule 60(b)(2) and 60(b)(3) because Moore's motion was untimely. *See* Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Denial of Moore's motion for reconsideration under Rule 60(b)(4), 60(b)(6), and 60(d)(3) was proper because Moore failed to demonstrate any basis for relief. *See United Student Aid Funds, Inc., v. Espinosa*, 559 U.S. 260, 271-72 (2010) (explaining that Rule 60(b)(4) "applies only in the rare instance" of a certain type of jurisdictional error or violation of due process); *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995) (standard of review for Rule 60(b)(4) denial); *see also Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443-44 (9th Cir. 2019) (standard of review; "[a] movant seeking relief under Rule 60(b)(6) must show extraordinary circumstance justifying the reopening of a final judgment" (citation

and internal quotation marks omitted)); *United States v. Estate of Stonehill*, 660 F.3d 415, 443-45 (9th Cir. 2011) (standard of review; under Rule 60(d)(3) a party must establish fraud on the court by clear and convincing evidence).

We do not consider arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions are denied.

**AFFIRMED.**